CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 6 2020

JULIA C. DUDLEY, CLERK
BY: /s/ ASlagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY RYAN POTTER, ) | CASE NO. 7:20CV00301 |
| ) | |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAYSI REGIONAL JAIL, ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| Defendant. | |

Plaintiff Anthony Ryan Potter, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the "Haysi Regi[o]nal Jail," alleging that he was being wrongfully kept in "max" and should be released. Compl. 1, 2, ECF No. 1. After review of the record, the court concludes that this civil action must be summarily dismissed.

The court is required to dismiss any action filed by a prisoner against a governmental entity or officer if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Potter identifies only one defendant: the Haysi Regional Jail. A local jail, however, cannot qualify as a person subject to being sued under § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Because Potter's § 1983 claims cannot proceed against the only defendant he has named, the court will summarily dismiss the action

without prejudice under § 1915A(b)(1).[1] An appropriate order will enter this day. Such a dismissal leaves Potter free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion. He is advised, however, that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and a $50.00 administrative fee, if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of June, 2020.

                                                    Senior United States District Judge

---

[1] Moreover, Potter's submissions do not present facts stating any actionable § 1983 claim against anyone. His complaint centers on his security classification and the area of the jail where he is confined. As relief, he seeks to be housed in a medium security unit at a different jail. However, inmates have no constitutionally protected right to be housed at any particular jail or to be classified to any particular security level within a jail. See Hewitt v. Helms, 459 U.S. 460, 468 (1983) (finding that prisoner has no recognized liberty interest in a particular security classification or prison placement); Meachum v. Fano, 427 U.S. 215, 223–224 (1976) (finding that inmates had no liberty interest in avoiding transfer from medium to maximum security prison or in being transferred only after proven, serious misconduct).